CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 2 6 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| NATHAN R. BURKE, | ) | |
| | ) | Civil Action No. 5:04-cv-00055 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE BARNHART, | ) | By: Samuel G. Wilson |
| Commissioner of Social Security, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Nathan R. Burke brings this action challenging the final decision of the Commissioner of Social Security denying Burke's 2001 claim for a period of disability and supplemental security income under the Social Security Act. An Administrative Law Judge (ALJ) found that Burke is capable of performing a limited range of light work in positions available in significant numbers in the national economy. After the ALJ rendered his decision but before the Appeals Council considered Burke's case, the state agency submitted the December 6, 2002, report of Dr. Carmen Gonzales, a state agency consultant, who described Burke's mental condition as "guarded" and "complicated by his physical condition of diabetes." Despite this late report, the Appeals Council found no reason to further review Burke's case and affirmed. The Magistrate Judge filed a report pursuant to 28 U.S.C. § 636(b)(1)(B) and found that remand was necessary so that the Commissioner could consider Dr. Gonzales' report and render a new decision. The court adopts the Magistrate Judge's report in part and orders remand for further proceedings in accordance with this opinion.

When faced with medical evidence which the ALJ never reviewed and which "merely serves to create a conflict with other evidence already of record," it is appropriate for the court to

remand the matter to the ALJ for further consideration in light of the new evidence. Alexander v. Apfel, 14 F.Supp.2d 839, 841 (W.D.Va.1998) (distinguishing Wilkins v. Secretary of Dept. of Health & Human Servs., 953 F.2d 93, 96 (4th Cir.1991) (en banc)).  Dr. Gonzales' report conflicts with other evidence of record, and the ALJ was not afforded the opportunity to review Dr. Gonzales' report before rendering his decision; thus, the court adopts the portion of the Magistrate Judge's report recommending remand for further consideration in light of Dr. Gonzales' report.

However, the court writes separately to note a strain of criticism found throughout the Magistrate Judge's report.[1]  The Magistrate Judge appears to criticize the manner in which the Commissioner of Social Security and her staff handle the tremendous burden with which they have been entrusted.[2]  This court will not presume that other governmental agencies are not executing their responsibilities to the best of their abilities.  The court does not adopt the Magistrate Judge's criticisms, and the court finds them neither persuasive nor helpful.

ENTER: This 25th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This strain is exemplified by the Magistrate Judge's use of terms like "laconically finding," "gave such short shrift," "simply chose to ignore," "this explanation, at best is weak, and at worst insufficient," "the undersigned is tempted . . . to recommend that the presiding court reverse," etc.

[2] In the year 2002 alone, the Social Security Administration processed nearly two million claims for disability benefits and nearly two million claims for SSI benefits. (Source: http://www.ssa.gov/policy/docs/statcomps/supplement/2003/2f4-2f6.html)

2